IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIER1 INNOVATION, LLC, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EXPERT TECHNOLOGY GROUP, LP | : | |
| and EXPERT TECHNOLOGY | : | NO. 06-cv-04622 |
| ASSOCIATES, LLC, | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER

JACOB P. HART May 29, 2007
UNITED STATES MAGISTRATE JUDGE

I. Procedural and Factual Background

Plaintiff, Tier1 Innovation, LLC ("Tier1), brought the instant action against defendants, Expert Technology Group, L.P. and Expert Technology Associates, LLC ("Defendants" or "ETA") for breach of contract. Plaintiff alleges that on December 30, 2005 the parties entered into a Professional Services Agreement, wherein Tier1 agreed to provide and ETA agreed to pay for services as described in a Statement of Work executed on that same date, and that ETA breached the contract by failing to make payments in accordance with the Professional Services Agreement. The services to be provided by Tier1 involved the implementation and configuration of computer software (Siebel Service 7.8) to be used by ETA.

On August 31, 2006, Plaintiff commenced this action by filing a Complaint in the District Court in Denver, Colorado. On September 19, 2006, the action was removed to the United States District Court for the District of Colorado and was then transferred to the United States District Court for the Eastern District of Pennsylvania on October 5, 2006. On January 10, 2007,

Plaintiff filed an Amended Complaint and on January 22, 2007, ETA filed an Answer with Affirmative Defenses and Counterclaim, asserting causes of action for fraud, negligent misrepresentation, and breach of contract. Only the Counterclaim for breach of contract remains.

Currently pending before the Court is Plaintiff, Tier1's Motion to Strike Defendant's Objections and to Compel Defendants to Provide Full and Complete Responses to Plaintiff's First and Second Document Requests. This dispute concerns two sets of requests for documents served by Plaintiff on January 23, 2007 and March 30, 2007, to which Defendants made objections.

II. Discussion

Request numbers 14, 15 and 19 of Plaintiff's First Request for Documents all relate to internal documents and communications within ETA and ETG, a company alleged by Plaintiffs to be ETA's parent. Specifically, Request #14 is for all documents which relate to internal communications at ETA and ETG regarding proposals and estimates provided by Tier1; Request #15 is for all documents which relate to internal communications at ETA and ETG regarding the scope of services provided, or to be provided by, Tier1; and Request #19 is for minutes and/or notes of any meetings required by ETA's Operating or LLC Agreement which relate to the Litigation. Defendant objected to all three requests by stating that the information sought "is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, there is none."

Tier1 now argues that the information requested is relevant to discovering possible motives for Defendants' refusal to pay the balance owed on the contract. They also assert that the internal communications regarding the scope of services to be rendered by Tier1 is relevant to

the issue of ETA's understanding of the scope of services for which they contracted. As Defendants argue, motive is not an issue which Tier1 must prove to establish breach of contract. However, given that this case contains a counterclaim, also for breach of contract, in which ETA alleges that Tier1 expanded the scope of services and then breached the modified agreement, the parties' understandings of the scope of work and Defendants' reasoning for its failure to pay (i.e. whether they already felt the contract had been breached) is entirely relevant. The requested information is therefore reasonably calculated to lead to relevant admissible evidence regarding the parties' understandings and which party first breached the contract.

While, in addition to their objection, Defendants have stated that no such documents exist, Plaintiff argues that ETA has produced at least one internal communication between ETA president, Sam Sklaroff and Jason Flannigan, which Tier1 believes was redacted. As Defendants have responded, the e-mail, which is attached as Exhibit F, is a forwarded e-mail from Jay Johnson of Tier1 to Sam Sklaroff, ETA President, in which Mr. Johnson explains Tier1's understanding of the scope of services, not ETA's understanding. However, the response from Jason Flannigan, after having been sent a forwarded copy of Mr. Johnson's e-mail, does appear to contain some notes which would be of the type now being requested. The e-mail states "See quick notes below...ha...I can't believe Jay put himself out there like this with these bullet points." Since, there are no notes below, contrary to Defendant's assertion, it does appear that the e-mail has been redacted. If such notes exist, they must now be produced. Also, any other similar documents must be produced in response to these requests.

Plaintiff also seeks to strike Defendants' objections to the requests for producing corporate documents, including articles of organization for ETA, Operating Agreement or LLC

agreement for ETA, and the partnership agreement for ETG. The First Request also sought financial records, including financial statements, tax returns, audits, lines of credit and infusions of capital. We must agree with Defendants that the corporate information and financial documents are not relevant to proving Plaintiff's breach of contract claim. Notably, Defendants assert that Plaintiff also failed to provide this information to Defendants, objecting to its relevancy. As Defendants note, information regarding ETA's corporate status is public information, which is readily available.

Finally, in the Second Request Plaintiff requested documents relating to the degree of control ETG, the alleged parent, exercises over ETA, the alleged subsidiary. These requests were for documents demonstrating: the extent of ETG's ownership interest; the relationship between ETG and ETA; the services performed by ETG; all members of ETG's board of directors and board committees; all ETG individuals who have served in any capacity (employee, board, officer, etc.) for ETS, ETG's participation in the management or operations of ETA; the extent to which ETG conferred with ETA regarding marketing of ETA's telecommunication services, conferred with ETA regarding financial matters and presented a common marketing image with ETA; and the exchange or rotation of employees between ETA and ETG.

Defendants objected as to relevancy and by asserting that the requests are burdensome and harassing. In addition, as to several of the requests Defendants stated that without waiving objections, no such documents exist. Defendants assert that ETG was not in existence at the time of the incidents alleged in the Complaint. Plaintiff argues that the information is relevant because it wishes to examine the relationship between the parent and subsidiary to determine whether ETG's control over ETA makes ETG susceptible to an alter ego theory of liability.

However, as Plaintiff has basically conceded, we must agree that this information is not at all relevant to proving a claim for breach of contract prior to the existence of ETG. Accordingly, we will not compel Defendants to respond to these requests. While the relationship between the entities may be relevant in proving an alter ego theory of liability in order to obtain "deeper pockets" if Plaintiff is successful in proving that Defendant breached the contract and that it is entitled to recover, it is not relevant in proving Plaintiff's underlying claim. Accordingly, we are not going to permit this type of discovery at this stage of the litigation.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIER1 INNOVATION, LLC, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EXPERT TECHNOLOGY GROUP, LP | : | |
| and EXPERT TECHNOLOGY | : | NO. 06-cv-04622 |
| ASSOCIATES, LLC, | : | |
| Defendants. | : | |

ORDER

AND NOW, this 29th day of May, 2007, upon consideration of Plaintiff, Tier1 Innovation, LLC's Motion to Strike Objections and Compel Defendants to Provide Full and Complete Answers to Plaintiff's First and Second Document Requests, Defendants' response, and Plaintiff's reply thereto, it is hereby ORDERED that the Motion (docket # 28) is GRANTED in part and DENIED in part.

It IS HEREBY ORDERED that Defendants must produce documents responsive to Plaintiff's requests for internal communications (First Document Requests numbers 14, 15 and 19) to the extent that such documents exist. However, Defendants need not respond to the requests for corporate documents, financial documents and documents pertaining to the relationship between ETA and ETG.

BY THE COURT:

/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE